Chief Judge Wachtlbr
(dissenting). It devalues the Double Jeopardy Clause of the Fifth Amendment of the Federal Constitution when a defendant, unquestionably intoxicated at the time his auto struck and killed a person, avoids a homicide prosecution by actively misleading a Justice of the Peace into believing that no accident occurred, and no one was killed. CPL 40.30 (2) (b) prevents such fraudulent schemes to avoid criminal liability, by stating that a prosecution “procured by the defendant, without the knowledge of the appropriate prosecutor, for the purpose of avoiding prosecution for a *292 greater offense” cannot be invoked as a bar to the reprosecution under double jeopardy principles.
In the case now before us, petitioner, while intoxicated, drove his car across the center line, hitting another auto head on and killing a person. He then appeared in local court, and, with no District Attorney present, his attorney intentionally misled the court by stating that the District Attorney had been consulted on the case. Petitioner then pleaded guilty to a misdemeanor — driving while intoxicated — in order to prevent prosecution for homicide. Therefore this case falls squarely within CPL 40.30 (2) (b) and the homicide prosecution should not be barred.
Indeed, two courts with power to review the facts — County Court and the Appellate Division — found that defendant’s attorney intentionally misled the Justice of the Peace, and procured a minor conviction for his client, Corbin, so that criminal responsibility for causing a death could be avoided. This court has no power to find new facts in this case. At this stage of appeal, it is imprudent and unwarranted for the majority to dispense with the factual assessments of those closest to the events, and on the dry record reach a different conclusion, all so that a constitutional question can be reached.
Moreover, lest there be any mistake, I note that the majority’s test for "procurement,” applied for the first time here, is woven from whole cloth tailored for the purpose of reaching the conclusion the majority desires. There is nothing in the case law, the statutory language, or the principles of double jeopardy from which a test focussing on the "opportunity to oppose the lenient disposition” by the District Attorney can be devised. Double jeopardy means being prosecuted by the State twice for the same conduct. Procurement means engineering your own prosecution and conviction on a lesser crime to avoid full punishment for criminal acts. In this case, using deception, petitioner prosecuted himself, toward the end of avoiding criminal liability for causing the death of another. This is procurement, as the lower courts found, and for that reason I respectfully dissent.
The lengthy footnote preachments of the majority do not, in the main, require comment. One does. The two lower courts found the facts as I have stated them in this opinion. These findings are supported by the record, as the majority opinion itself manifests (see, majority opn, at 283) and they should not be rejected or ignored by the majority.
*293 Judges Kaye, Alexander and Hancock, Jr., concur with Judge Titone; Chief Judge Wachtler dissents and votes to affirm in a separate opinion in which Judge Bellacosa concurs; Judge Simons taking no part.
Judgment reversed, etc.